UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PAUL S. McCARTNEY, *et al.*, | Case No. 3:11-cv-394 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| N and D RESTAURANTS, INC., | |
| Defendant. | |

**DECISION AND ENTRY DENYING
PLAINTIFFS' MOTION TO REMAND (DOC. 10)**

This civil case is before the Court on Plaintiffs' Motion to Remand this case back to the Clark County, Ohio Court of Common Pleas. (Doc. 10). Defendant N and D Restaurants, Inc. ("Defendant") filed a response opposing Plaintiffs' Motion to Remand. (Doc. 12). Plaintiffs did not file a reply memorandum and the time for doing so has expired. Accordingly, Plaintiffs' Motion to Remand is ripe for decision by the Court.

**I. BACKGROUND**

On October 14, 2009, Plaintiff Paul McCartney (hereinafter referred to individually as "Plaintiff") ate grilled shrimp at a Red Lobster restaurant in Springfield, Ohio. (Doc. 4). The subject Red Lobster restaurant is owned and operated by Defendant N and D Restaurants, Inc. ("Defendant"). (*Id.*) Plaintiff contends that, within hours of eating the grilled shrimp at Red Lobster, he became ill with food poisoning, suffered nausea, vomiting, abdominal cramping, lethargy and other pain, discomfort and suffering. (*Id.*) Plaintiff also contends that the alleged food poisoning aggravated his preexisting Crohn's disease, which was previously in remission. (*Id.*)

Plaintiff, along with his wife Debra McCartney, originally filed an civil action against Darden Restaurants, Inc. in the Clark County Court of Common Pleas, case number 11-cv-0740 (hereinafter referred to as "the original case"). A complaint and an amended complaint in the original case alleged that Plaintiff lost income in an amount "over" $61,500 in the past and into the indefinite future, $17,000 in past medical bills, over $18,500 in future medical treatment, plus an unspecified amount of past and future pain and suffering. Debra McCartney asserted a claim for loss of consortium.

The original case was subsequently removed to the United States District Court for the Southern District of Ohio on the basis of diversity jurisdiction and was assigned to this District Judge. *See McCartney v. Darden Restaurants, Inc.*, S.D. Ohio Case No. 3:11-cv-305. Plaintiffs moved to dismiss the original case pursuant to Fed. R. Civ. P. 41. In requesting the dismissal, Plaintiffs stated their intent "to refile . . . to name the property Defendant, namely N and D Restaurants, Inc., and to lower their demand to include a total claim of less than Seventy-Five Thousand Dollars ($75,000.00) so that removal is not necessary." On September 26, 2011, this Court granted Plaintiffs' motion and dismissed the original case without prejudice.

On October 7, 2011, Plaintiffs re-filed the civil case in the Clark County Court of Common Pleas against Defendant N and D Restaurants, Inc. (Doc. 4). The re-filed Complaint sets forth the same factual basis, but alleges that Plaintiff lost "about" $30,000 in income (instead of $61,500 alleged in the original case), incurred $17,000 in medical bills to date, and anticipates incurring "about" $10,000 in future medical bills (instead of the $18,500 alleged in the original case). (*Id.*) On top of those damages, Plaintiff again

seeks an unspecified amount of damages for past and future pain and suffering. (*Id*.) Plaintiff Debra McCartney reasserts her claim for loss of consortium. (*Id*.) In total, Plaintiffs pray for damages "in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) plus costs." (*Id*.)

The re-filed case is again before this Court following the filing of Defendant's Notice, filed November 4, 2011, removing the case to this Court on the basis of diversity jurisdiction. (Docs. 1, 2). Plaintiffs now move to remand the case back to state court, arguing that the amount in controversy, including pain and suffering, will be less than the jurisdictional amount of $75,000. (Doc. 10).

## II. ANALYSIS

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a)). District courts possess original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

"The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir.2006)). However, the burden of demonstrating diversity jurisdiction is not so "daunting" that the removing party must prove, "to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Hayes v. Equitable*

*Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford,* 997 F.2d 150 (6th Cir.1993), *abrogated on other grounds by Hertz Corp. v. Friend*, --- U.S. ----, 130 S.Ct. 1181 (2010)).

Plaintiffs "in a diversity case may defeat removal to federal court by suing for less than the jurisdictional amount." *Finnegan v. Wendy's Int'l, Inc.*, No. 2:08-cv-185, 2008 WL 2078068, at *1 (S.D.Ohio May 13, 2008) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). However, where a complaint seeks "some unspecified amount that is not obviously greater or less than the amount-in-controversy requirement, the defendant must prove by a preponderance of the evidence, in other words, that it is 'more likely than not,' that the . . . amount-in-controversy requirement is met." *Id*. (citing *Gafford*, 997 F.2d at 158).

Here, Plaintiffs' Motion to Remand sets forth the belief that Plaintiff's damages, "including pain and suffering will be less than $75,000[,]" and that "[t]here is no basis to allege that a jury award will necessarily take the claim above $75,000." (Doc. 10). Plaintiff acknowledges, however, that the re-filed Complaint itself itemizes damages for lost income, past medical expenses and future medical expenses in the total amount of $57,000. Such figure is exclusive of a now "undetermined" amount of pain and suffering incurred in the past and continuing "into the indefinite future" as a result of the alleged food poisoning and the triggering of Plaintiff's once dormant Crohn's disease, a condition Plaintiff contends he will suffer "into the indefinite future." (Doc. 4).

In arguing that the amount in controversy exceeds the jurisdiction threshold, Defendant points to Plaintiffs' the complaints filed in the original case, in which Plaintiff

4

alleged lost income in an amount "over" $61,500 in the past and into the indefinite future, $17,000 in already incurred medical bills, over $18,500 in future medical treatment, plus an unspecified amount of past and future pain and suffering. The total of the specifically itemized damages set forth in Plaintiffs' original complaint, not including the unspecified amount for pain and suffering, was $97,000, an amount exceeding the jurisdictional threshold for diversity jurisdiction.

Defendant also points to the $57,000 in specifically itemized damages in the re-filed Complaint. Defendant contends that the shortfall between the specifically itemized amount of $57,000 and the jurisdictional threshold is more than adequately made up by the now undetermined amount of pain and suffering Plaintiff alleges as a result of the food poisoning and the triggering of his once dormant Crohn's disease, a condition Plaintiff contends he will suffer "into the indefinite future" and require continuing "increased medical treatment." (Doc. 4).

Upon review of the parties' arguments, the Court concludes that Defendant has met the burden of showing that Plaintiff's damages would more likely than not exceed the jurisdictional threshold of $75,000. First, the Court reaches this conclusion upon review of the initial damage representations set forth in the original case. *See Rogers*, 230 F.3d at 873 (concluding that "it was 'more likely than not' that [plaintiff's] damages would exceed $75,000 given her previous demands and representations" in plaintiff's first action). It is not entirely clear why Plaintiffs now claim less than half of the lost income originally represented, though, Plaintiffs now state that "there may be issues relating to the extent of the wage claim made . . . that will certainly be disputed by Defendant."

5

(Doc. 10). Plaintiffs also provide no explanation as to why the amount of future medical expenses was reduced from $18,500 in the original case to $10,000 in this case.

Second, even if the Court did not reference the representations in the original case, the re-filed Complaint, in-and-of-itself, more likely than not reflects an amount in controversy exceeding $75,000. Again, the re-filed Complaint itemizes "about" $30,000 for lost wages, $17,000 in already incurred medical expenses and an amount of future medical expenses in the amount of "about" $10,000, a total of $57,000 in itemized damages. (Doc. 4) Such figure, again, does not include an undetermined amount for pain and suffering. Should Plaintiff prevail on the first three counts and recover the full extent of damages specifically itemized in the Complaint (an amount that includes $27,000 in medical bills alone), an accompanying award of pain and suffering would likely put the amount in controversy over $75,000.

### III.  CONCLUSION

Based on all of the foregoing, the Court concludes that Defendant has met its burden of proving that the amount in controversy more likely than not exceeds $75,000. Accordingly, Plaintiffs' Motion to Remand (Doc. 10) is **DENIED**.

   **IT IS SO ORDERED**.


Date:   January 20, 2012                              s/ Timothy S. Black
                                                     Timothy S. Black
                                                     United States District Judge